J-S67040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN DAVID MASTELLER, | |
| Appellant | No. 563 MDA 2015 |

Appeal from the Judgment of Sentence February 11, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0000224-2014

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 12, 2016**

Appellant, Jonathan David Masteller, appeals from the judgment of sentence imposed on February 11, 2015, following his open guilty plea to four counts of involuntary deviate sexual intercourse (IDSI), three counts of indecent assault, two counts of sexual abuse of children relating to child pornography, and one count each of aggravated indecent assault, corruption of minors, and unlawful contact with a minor.[1]  On appeal, Appellant challenges the discretionary aspects of sentence.  For the reasons discussed below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(a)(7) and (b), 3126, 6312(b) and (d)(1), 3125, 6301, and 6318, respectively.

We take the relevant facts and procedural history from the trial court's

May 19, 2015 opinion and our independent review of the certified record.

On 11/29/13[,] police were dispatched to the Family Center in Gap for a report of sexually explicit photos of a minor on an employee's computer. Police spoke to a pastor at the Family Center who stated that he was performing maintenance on the computer formerly used by [Appellant] and he saw several photos of [Appellant] giving oral sex to a boy . . . age 13. Forensic [review] of the computer revealed multiple photos of [Appellant and the victim] engaging in sexual contact.

On 12/2/13[, the victim] was forensically interviewed, [the victim] related that [Appellant] was his former [y]outh [p]astor and current school basketball coach. He reported that on six occasions [Appellant] performed various sexual acts on him. Four acts occurred at [Appellant's] residence and two others in a hotel in North Carolina. [Appellant] recorded the acts by taking pictures with his cell phone. On one occasion when he was age 12 [Appellant] performed oral sex on the boy. At age 13 [Appellant] performed oral on the boy on three different occasions. Acts also included licking his buttocks, fondling his buttocks, and using his finger to penetrate his buttocks.

[Appellant] was arrested on 12/3/13 at his residence. He agreed to be interview[ed] by police. He related that he knew [the victim] for about 6 years and met him at the Family Center in Gap. He claimed that sexual acts started about 6 months ago. He was asked how many times acts occurred and [he] replied "ten maybe." He reported that it was always [himself] masturbating the boy and then performing oral sex on the boy. Each act occurred at the home of [Appellant] except one occasion when it occurred on a trip to North Carolina he took with [the victim]. The act in North Carolina occurred in a hotel room while on a sightseeing trip.

[Appellant] described multiple sexual encounters with the boy. He stated that he had an emotional attraction to [the victim]. He was aware that [the victim] was 13 and that sexual contact with him was illegal. The most recent act was 12/1/13 [two days before Appellant's arrest] and involved oral sex and touching the boy's buttocks as in previous acts.

Criminal information indicates a time frame of September 2012 to November 2013, approximately 14 month (through [Appellant] reported acts on 12/1/13).

These facts indicate that a course of conduct of abusing the victim [ ] lasted approximately 14 months beginning when the victim was 12 years old, and probably would have continued had there not been the inadvertent discovery of the videos.

(Trial Court Opinion, 5/19/15, at unnumbered pages 3-4).

On July 24, 2014, Appellant entered an open guilty plea to all twelve counts of the information. (*See* N.T. Guilty Plea, 7/24/14, at 2-3). There was no plea deal with the Commonwealth. (*See id.* at 3). On November 7, 2014, the trial court made a sexually violent predator (SVP) determination and held a sentencing hearing. The parties stipulated with respect to the testimony of Dr. Robert Stein, of the Pennsylvania Sexual Offender Assessment Board (SOAB), as to the basis of his recommendation that the trial court designate Appellant a SVP. (*See* N.T. Sentencing, 11/07/14, at 3-4). Following the stipulation, the trial court found Appellant was a SVP. (*See id.* at 21). The trial court, after noting that it reviewed the pre-sentence investigation report (PSI), letters written on behalf of Appellant, and the testimony of the victim's mother, sentenced Appellant to an aggregate term of incarceration of not less than thirty nor more than eighty years. (*See id.* at 20-25).

On November 13, 2014, Appellant filed a post-sentence motion. On December 29, 2014, Appellant filed an amended post-sentence motion arguing that this Court's decision in *Commonwealth v. Wolfe*, 106 A.3d

800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015), invalidated his mandatory minimum sentences on counts, one, five, six, and seven. (**See** Amended Post-Sentence Motion, 12/29/14, at unnumbered pages 1-2). On February 11, 2015, the trial court resentenced Appellant on those counts, resulting in an aggregate sentence of not less than twenty-five and one-half nor more than eighty years incarceration. At resentencing, Dr. Stein of the SOAB testified to reiterate his belief that the fact that Appellant took photographs "memorializing" his sexual abuse of the victim was an important factor with respect to Appellant's level of deviance. (**See** N.T. Resentencing Hearing, 2/11/15, at 6-7).

On February 13, 2015, Appellant filed a second post-sentence motion, claiming his sentence was excessive and inappropriate. (**See** Second Amended Post-Sentence Motion, 2/13/15, at unnumbered pages 2-3). On February 24, 2015, the trial court denied the motion. The instant timely appeal followed. On April 20, 2015, Appellant filed a timely concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On May 19, 2015, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

> I. Was the imposition of an aggregate sentence of 25½ to 80 years['] incarceration, clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs where the [trial] court imposed consecutive sentences on six counts and where the court relied on impermissible factors?

- 4 -

II. Did the [trial] court abuse its discretion in imposing an aggravated-range sentence on Count 11 (18 Pa.C.S.[A.] § 6312(b) when the conduct that the [trial] court found to be aggravating was already an element of that offense?

(Appellant's Brief, at 7) (unnecessary capitalization omitted).

On appeal, Appellant challenges the discretionary aspects of sentence. (*See id.*). The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are

necessary only to decide the appeal on the merits." ***Id.*** (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (***See*** Appellant's Brief, at 21-26). It states that the sentencing court imposed a manifestly excessive sentence by imposing consecutive sentences on six counts and failed to consider mitigating circumstances. (***See id.*** at 22, 24). Specifically, Appellant claims that the sentencing court failed to consider: (1) Appellant's disadvantaged childhood; (2) his mental health problems; (3) that he was a victim of sexual abuse as a child; (4) his youth; (5) his acceptance of responsibility; (6) his remorse; and (7) the support of his family and friends. (***See id.*** at 24). Appellant further claims that the sentencing court relied on certain impermissible factors that the record did not support, namely: hearsay statements by the victim's mother about Appellant attempting to groom future victims from prison; speculation that Appellant chose employment opportunities that would allow him to be in close contact with teenage boys; and the sincerity of Appellant's religious beliefs. (***See id.***). Lastly, Appellant argues that the sentencing court improperly imposed an aggravated range sentence on count eleven by focusing on factors already considered in the offense gravity score. (***See id.*** at 25-26). We disagree.

In the instant matter, Appellant claims that his sentence was unreasonable and excessive because the sentencing court imposed

consecutive sentences on six counts. (**See** Appellant's Brief, at 29-30). We disagree.

We have stated, "[l]ong standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citations omitted). Further, "[a] challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." **Id.** (citation omitted). Such claim raises a substantial question only in extreme circumstances, and we focus on whether the aggregate sentence seems excessive in light of the criminal conduct on its face. **See id.**; **see also Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

Here, Appellant's criminal conduct includes abusing his position as the victim's youth pastor and basketball coach to engage, for over one year, in an illegal sexual relationship with a minor and taking pictures of himself and the victim engaged in the sexual acts. The abuse only stopped because a third party discovered the pictures and contacted the police. Appellant is not entitled to a "volume discount" for his crimes. **Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010). The twenty-five

and one-half to eighty year sentences on twelve counts, all involving the abuse of a child, which lasted for over one year would not strike most as a sentence grossly disparate to Appellant's conduct. Further, it does not viscerally appear patently "unreasonable." Appellant's challenge simply does not raise a substantial question. *See Zirkle*, *supra* at 134.

Appellant also claims that his sentence was excessive because the trial court failed to consider certain mitigating factors. (*See* Appellant's Brief, at 30-31). We note that a bald claim of an excessive sentence does not generally raise a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1269 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). However, this Court has held that a claim of excessiveness in conjunction with a claim that the sentencing court did not consider mitigating factors presents a substantial question. *See Gonzalez*, *supra* at 731; *see also Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015). We will therefore address the merits of Appellant's claim.

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

- 8 -

In the instant matter, the sentencing court had the benefit of a PSI. We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (some internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI, as well as the SOAB report, the letters sent by Appellant's friends and family, and the testimony of the victim's mother and imposed a sentence, with the exception of count eleven [which we discuss below], that was within the standard range of the guidelines. (***See*** N.T. Sentencing, 11/07/14, at 20-21, 23-24).

Additionally, Appellant has not demonstrated that his sentence was manifestly excessive because the sentencing court failed to consider mitigating factors. As discussed above, at sentencing, the trial court acknowledged the PSI, considered statements made in favor of mitigation, noted Appellant's employment history, his childhood difficulties, and the support of his friends and family. (***See id.***). The trial court balanced this against Appellant's on-going abuse of the victim, his use of a trust position

to gain access to the victim, and the wrenching statements of the victim's mother. (**See id.**).

Clearly, the gist of Appellant's argument is not that the sentencing court did not consider the relevant sentencing factors, but rather that the court did not weigh them as much in his favor as he wished. (**See** Appellant's Brief, at 30-31). Our review of the record does not show that the sentencing court abused its discretion or that it entered a manifestly unreasonable sentence. **See Zeigler**, **supra** at 662 (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); **see also Moury**, **supra** at 171. Appellant's claim lacks merit.

Appellant next argues that the sentencing court considered impermissible factors not supported by the record in entering the sentence. (**See** Appellant's Brief at 32-33). A claim that a trial court relied on improper factors in imposing sentence raises a substantial question. **See Commonwealth v. Downing**, 990 A.2d 788, 792 (Pa. Super. 2010). We have stated:

> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

> Simply put, the evidence upon which a sentencing court relies must be accurate, and there must be evidentiary proof of the factor, upon which the court relied.

*Id.* at 792-93 (citations and quotation marks omitted).

Here, Appellant points to three factors that the trial court allegedly improperly relied upon in fashioning the sentence: (1) statements from the victim's mother that Appellant attempted to "groom" other children from prison; (2) a statement from the trial court that Appellant chose professions that allowed him to be in close contact with teenage boys; and (3) the trial court's questioning of the sincerity of Appellant's religious beliefs. (**See** Appellant's Brief, at 24). We disagree.

With respect to the statement by the victim's mother, Appellant fails to point to anything in the record that would show that the trial court relied on this statement in fashioning the sentence. (**See** Appellant's Brief, at 32-33; **see also** N.T. Sentencing, 11/07/14, at 20-24). In fact, the trial court specifically stated that it did not factor this statement into the sentence. (**See** Trial Ct Op., at unnumbered page 5). Thus, Appellant's claim lacks merit.

Further, Appellant's claim that it was impermissible for the trial court to connect his employment choices with his crime is somewhat less than convincing, particularly as Appellant fails to cite to any legal authority in support of this assertion. (**See** Appellant's Brief, at 32-33). Both the SOAB Assessment and the PSI demonstrate that the vast majority of Appellant's

jobs involved close access to young, and, often, disabled children. (***See*** SOAB Assessment, 9/29/14, at 3; PSI, 8/27/14, at 6, 9). The record also demonstrates that Appellant used his employment as a youth pastor and basketball coach to gain access to the victim. (***See*** N.T. Guilty Plea Hearing, 7/24/14, at 7; SOAB Assessment, ***supra*** at 2, 6). Given this, it was certainly reasonable for the trial court to infer that Appellant picked jobs that would give him close access to children. This claim lacks merit.

Appellant next claims that the trial court inappropriately expressed skepticism as to the sincerity of his religious beliefs. (***See*** Appellant's Brief, at 32-33). Initially, we note that the issue of Appellant's religious beliefs was first discussed in the PSI, wherein Appellant stated he considered himself a religious person and attended bible studies at prison. (***See*** PSI, ***supra*** at 8). We further note that in deciding that Appellant was an SVP, the SOAB Assessment specifically noted his use of his position as a youth pastor to "gain trust and private access to the victim." (SOAB Assessment, ***supra*** at 6). It was in this context that the trial court made its remark about being skeptical of the sincerity of Appellant's religious beliefs. (***See*** N.T. Sentencing, 11/07/14, at 21). However, the record demonstrates that the trial court did not make any finding or conclusion regarding the sincerity of Appellant's religious beliefs and there is no indication that this factored into the imposition of the standard range sentence. (***See id.*** at 20-24); ***cf. Commonwealth v. Williams***, 69 A.3d 735, 749 (Pa. Super. 2013), *appeal*

- 12 -

*denied*, 83 A.3d 415 (Pa. 2014) (overturning judgment of sentence based partially on judicial bias where trial court imposed near-life sentence for violations of parole after repeatedly insinuating that defendant targeted Catholic institutions for her criminal activities).  Appellant's first claim lacks merit.

In his second issue, Appellant argues that the trial court provided insufficient and/or improper reasons for imposing an aggravated range sentence on count 11, his violation of 18 Pa.C.S.A. § 6312(b),[2] by focusing on Appellant's action of filming himself sexually abusing the minor child, which, he claims, was already accounted for in the offense gravity score of the offense. (**See** Appellant's Brief, at 34-35).  We disagree.

When imposing a sentence in the aggravated range a sentencing court, "shall state its reasons on the record[.]"  204 Pa.Code § 303.13(c); **see also** 42 Pa.C.S.A. § 9721(b); Pa.R.Crim.P. 704(c)(2).  Here, at

_____

[2] Section 6312 provides in pertinent part:

> **(b) Photographing, videotaping, depicting on computer or filming sexual acts.—**
>
> *       *       *
>
> (2) Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

18 Pa.C.S.A. § 6312(b)(2).

resentencing, the trial court noted that it rendered its sentence on count eleven because it was aware of the dangers and concerns testified to by Dr. Stein. (*See* N.T. Resentencing, 2/11/15, at 21-22). While the court did not specifically state that this was the reason that it was going to sentence Appellant in the aggravated range on that count, the inference is obvious. The sentencing court clearly and specifically acknowledged Appellant's lack of a criminal history, acceptance of responsibility, and generally good lifestyle. However, the sentencing court also noted its concerns that Appellant took pictures of himself sexually abusing the victim. The action of filming oneself sexually abusing a child is not accounted for in the offense gravity score and the trial court's specific reference to Dr. Stein's testimony is sufficient to explain the imposition of a sentence in the aggravated range. *See Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (finding statement of reasons sufficient where sentencing court noted extreme nature of harm to victim). Appellant's claim lacks merit.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016

- 14 -